# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RICHARD A. LOVERN,**

    Petitioner,

vs.                                    Case No. 4:04cv463-RH/WCS

**JAMES CROSBY,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS

This cause is before the court for ruling on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Lovern challenges his conviction and 80 month sentence imposed by the Second Judicial Circuit, Leon County. Doc. 1.

Respondent was directed to file an answer or other pleading in response to the § 2254 petition, and Petitioner was given time to file a reply but was not required to do so. Doc. 5. Respondent filed a motion to dismiss the petition as untimely. Doc. 10 (hereafter all references to exhibits are to those submitted with doc. 10). Petitioner filed a traverse/affidavit in response. Doc. 11.

There is a one year period of limitation for filing a § 2254 petition, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," unless a later commencement date

applies. 28 U.S.C. § 2244(d)(1)(A).[1] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" tolls the one year period. § 2244(d)(2).

Petitioner was sentenced on August 9, 2002, and was advised he had 30 days to appeal. Ex. B, p. 42; *see also* Fla.R.App.P. 9.140(b)(3) (allowing 30 days from rendition of a written order imposing sentence). Respondent asserts that the one year period began to run on September 8, 2002. Doc. 10, p. 2. While that was the 30th day, it was a Sunday. Petitioner therefore had until Monday September 9, 2002, to file a notice of appeal. Fla.R.App.P. 9.420(f).

Respondent asserts that Petitioner filed his Fla.R.Crim.P. 3.850 motion on August 20, 2003, after 346 days elapsed of the one year period. Doc. 10, p. 3. Petitioner's Rule 3.850 motion was filed for tolling purposes on August 17, 2003 (the date delivered for mailing).[2] Ex. C. Between the date the judgment became final (September 9, 2002), and the date Petitioner filed his Rule 3.850 motion (August 17, 2003), excluding those days, the court counts 341 days.

Relief was denied, and the appellate court affirmed on October 20, 2004. Ex. H. Respondent asserts:

---

[1] Later possible commencement dates are set forth in § 2244(d)(1)(B), (C), and (D).

[2] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) the court assumes is the date he signed it. *See* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Thompson v. State, 761 So.2d 324, 325 (Fla. 2000). Petitioner signed the Rule 3.850 motion on August 15, 2003, but a stamp on the first page indicates that it was delivered to prison officials for mailing on August 17, 2003.

> The time began to run again on October 20, 2004, after the affirmence [sic] of the denial of his motion. Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (Review of collateral attack final at decision, not at mandate). The petition was not filed in this court until November 10, 2004. An additional twenty one (21) days had expired by the time this petition was filed.

Doc. 10, p. 3.

Rouse does not stand for the proposition asserted by Respondent.[3] Even if it did, that proposition is not the rule in this circuit. As Petitioner's Rule 3.850 motion was denied and he took an appeal, the one year period was tolled from the date of filing until the appellate court issued its mandate. Day v. Crosby, 391 F.3d 1192, 1192-93 (11th Cir. 2004), *citing* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000). The date of the mandate has not been supplied by Respondent. The last exhibit is Ex. H, a copy of the opinion (before the time for rehearing expired) of October 20, 2004.

Petitioner asserts in his traverse that the mandate issued on November 16, 2004, before he filed the § 2254 petition, so no additional time elapsed on the one year period. Doc. 11. Even if the mandate issued on November 5, 2004 (Fla.R.App.P. 9.340(a) provides that the clerk shall issue the mandate after the expiration of 15 days), only four days elapsed between that date and the date the § 2254 petition was filed on November 10, 2005. The court counts a total of 345 days, well within the one year period.

---

[3] There, the North Carolina prisoner argued that his state court "motion for appropriate relief" remained pending for tolling purposes for 20 days after certiorari was denied by the Supreme Court of North Carolina, as state appellate rules directed the clerk to issue a mandate 20 days after a written opinion. 339 F.3d at 243-244. The Fourth Circuit rejected the argument, as "[o]ne would not expect a mandate to issue from a denial of certiorari," it was stated by affidavit of the North Carolina Supreme Court Clerk that mandates did not issue following summary denials of certiorari, and, "[m]ore importantly," there was no evidence that a mandate ever actually issued in that case. *Id.*, at 244.

Finally, this is the second erroneous timeliness argument that I have considered from an Assistant Attorney General representing a Florida Respondent in the last two days. I handled the last one by order as Respondent did not file a motion to dismiss.[4] See <u>Williams v. Crosby</u>, Case No. 4:04cv496-RH/WCS. Calculation of the time to file a § 2254 petition can be complicated, but the rules for calculation of the time are very well settled. Too often the Assistant Attorney General handling these cases fails, as here, to (1) apply the mail box rule, (2) look at a calendar to see if a date falls on a weekend or a legal holiday, or (3) apply settled Eleventh Circuit precedent. This is unacceptable and wastes judicial time. It is time for those who routinely represent the Respondent in these cases to get it right.

Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss, doc. 10, be **DENIED**, and Respondent directed to file an answer no later than **FIFTEEN DAYS** from the entry of the order adopting this report and recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on July 26, 2005.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] It really does not matter whether this is done by order or report and recommendation as Respondent may, in either case, quickly obtain review by the district judge.

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**